IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **J.N.,** | * | |
| A minor, by his mother | * | |
| and next friend, | * | |
| **KEA NORRIS** | * | |
| 5508 Eads Street NE | * | |
| Washington, D.C. 20019 | * | |
| | * | |
| and | * | |
| | * | **Civil Action No:** |
| **KEA NORRIS** | * | |
| 5508 Eads Street NE | * | |
| Washington, D.C. 20019 | * | |
|     Plaintiffs | * | |
| | * | |
|     v. | * | |
| | * | |
| **GOVT. OF DISTRICT OF COLUMBIA** | * | |
| A municipal corporation, | * | |
| 1350 Pennsylvania Ave., N.W. | * | |
| Washington, D.C. 20004 | * | |
| | * | |
|     Serve on: | * | |
|     Attorney General of D.C. | * | |
|     Attn: Janice Stokes or Darlene Fields | * | |
|     One Judiciary Square | * | |
|     441 4th Street, N.W., Suite 600 | * | |
|     Washington, D.C. 20001 | * | |
| | * | |
|     and | * | |
| | * | |
|     Mayor Adrian Fenty | * | |
|     Office of the Secretary | * | |
|     Attn: Gladys Herring or Designee | * | |
|     1350 Pennsylvania Avenue, Ste. 419 | * | |
|     Washington, DC 20004 | * | |

|  |  |
|---|---|
|  | * |
| **CLIFFORD B. JANEY** | * |
| The Superintendent, | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. J.M. is an eleven-year old child with a disability in the custody of his mother, Kea Norris in the District of Columbia, and has been determined eligible as a LD student by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

**FACTS**

5.	J.N. is a 10-year old student who has been determined to need special education by DCPS and is functioning extremely below level.

6.	According to 34 CFR 300.1, the purpose of IDEIA is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."

7.	On March 6, 2006, an HOD ordered DCPS to provide a speech and language evaluation, occupational therapy evaluation and a clinical psychological within 10 days. The HOD also ordered DCPS to complete a Functional Behavioral Assessment, and a Behavior Intervention Plan within 15 days of the order; to complete an Assistive Technology Assessment (AT) within 15 school days and convene a meeting to review the evaluations and for DCPS to train the parent and teachers on the usage of the AT.

8.	On 04/30/06, parent's advocate requested the evaluations per the HOD (JN-24) and on May 7, 2006, the advocate wrote a letter to Aiton (JN-25) informing them that the clinical and the AT were not completed. On 08/12/06 (JN-26), the parent's advocate forwarded DCPS a letter reminding them again that DCPS has only provided some of the evaluations.

9.	On September 19th and 20th, the advocate contacted Aiton ES to inform the school that the meeting that they scheduled for 09/21/06 was not convenient and as such would like for the meeting to be re-scheduled. However, despite the several chances that the parent and advocate gave DCPS to complete the evaluations, and the several phone calls to DCPS to attempt to schedule the meeting, unbeknownst to the parent or advocate, DCPS went ahead and convened the meeting on 09/21//06.

10.	On 09/22/06 (JN-27), parents' advocate forwarded a letter to Aiton ES requesting a

confirmation of one of the meeting dates that the advocate had left with the social worker via the telephone on 09/21/06. However, DCPS did not respond.

11. On 10/02/06, the advocate was finally able to speak to the special education coordinator (SEC) who informed the advocate that they went ahead with the meeting. On that same date, the advocate wrote a letter (JN-28) to the SEC and the office of mediation and compliance memorializing their conversation and the several phone calls and messages that the advocate left, including the dates she proposed for the meeting. However, DCPS did not respond and did not schedule another meeting.

12. On 10/18/06, parent's advocate forwarded a letter to DCPS requesting that the meeting be rescheduled and proposed dates for DCPS to choose from. However, DCPS again did not respond to the request. Therefore, not only failing to adhere to the HOD but also failing to respond to the parent's several requests for a meeting.

13. According to 20 U.S.C. §1414(e), "each local educational agency or state educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child. 34 C.F.R. 300.116(a)(1) states that "in determining the educational placement of a child with a disability, . . . each public agency shall ensure that the placement decision is made by a group of persons, including the parents . . . the meaning of the evaluation date, and the placement options."

14. According to 20 USC §1415(f)(3)(E), the hearing officer is to find a denial of a FAPE if the procedural violation "significantly impeded the parent's opportunity to participate in the decision[-]making process regarding the provision of a free appropriate public education to the . . . child." In the instant case, DCPS clearly hindered the parent's right to participate in the decision making of the student's education because the mother testified that she was never a member of a team that discussed placement or the educational services that J.N. is to receive.

15. On 06/06/03, DCPS completed a psycho-educational evaluation which found that J.N.'s

standardized scores were as follows: Reading = 84, Reading Comprehension = 76, Math Reasoning = 106 and Spelling = 85. In February 2006, DCPS completed another psycho-educational evaluation and the standardized scores are as follows: Reading = 57 (27 points regression from 2003); Reading Comprehension = 60 (16 points regression from 2003); Math Reasoning = 84 (22 point regression from 2003); Spelling = 63 (22 point regression from 2003).

12. J.N. has attended DC public schools his entire educational career and his report card reflect below level scores and his evaluations reflect major regression.

13. As a result, the parent through counsel filed a due process complaint notice alleging the failure of DCPS to adhere to the 03/06/06 HOD, failure to provide him with an appropriate placement, IEP, evaluations, special education and related services and compensatory education services.

14. On November 30, 2006, the hearing was convened.

15. At the hearing, the parent through counsel disclosed documents which include but are not limited to the letters indicated above with the fax confirmation that DCPS received the letters, and both the 2003 and 2006 psycho-educational evaluations.

16. At the hearing, the parent testified that she did not receive any phone calls from Aiton elementary school and DCPS provided no evidence that any contact was made with the parent or the parent's attorney's office prior to the expiration of the HOD's timeline. At the conclusion of the hearing, the hearing officer left the record open for the parties to submit opening and closing statements.

17. On 12/20/06, parent's attorney completed and forwarded to the hearing officer the written opening and closing statement but DCPS did not submit anything.

18. On 01/11/07 the Hearing Officer issued a HOD dismissing the case with prejudice.

**COUNT I**

19. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

20. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to adhere to the 03/06/06 HOD.

## COUNT III

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA by not completing appropriate evaluations of the student.

## COUNT IV

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA by not providing the parent with the opportunity to participate in a placement meeting.

## COUNT V

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated IDEIA by not providing J.N. with an appropriate placement for over two years.

## COUNT VI

29. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30. Defendants violated IDEIA by not providing J.N. with appropriate special education and related services.

## COUNT VII

31. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32. Defendant violated IDEIA by not providing the student with appropriate special education and related services and all his related services.

## COUNT VIII

33. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34. The hearing officer erred in his decision to dismiss the complaint without taking into consideration the amount of academic regression that J.N. experienced.

## COUNT IX

35. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36. The hearing officer erred in his decision to dismiss the case against DCPS because DCPS did not meet its burden of proving the provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants DCPS to issue a PNOP placing and funding J.N. at High Road;

3. Issue an order awarding compensatory education to the plaintiff against DCPS;

4. Order that the January 11, 2007 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS;

5. Award plaintiffs attorneys' fees and the costs of this action and due process hearing; and

6. Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By: /s/JudeIweanoge/s/
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
J.N., ET AL

**DEFENDANTS**
District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge, Esq.
1026 Monroe Street, NE
Washington, DC 20017

Case: 1:07-cv-00665
Assigned To : Roberts, Richard W.
Assign. Date : 4/11/2007
Description: Norris v. Govt. District Court

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 4/11/07    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.