**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,[1]<br><br>    Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-0665 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO THE COMPLAINT**

The Defendants, by counsel, here answer the Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

**JURISDICTION AND VENUE**

1.  The allegations in paragraph 1 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied, except that the Defendants admit that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.*

**PARTIES**

2.  The Defendants admit the allegations in paragraph 2, except that they deny that J.N. has been found eligible for services under Section 504 of the Rehabilitation Act.

3.  The Defendants admit the allegations in paragraph 3.

4.  The Defendants deny the allegations in paragraph 4.

---

[1] The minor will be referred to only by his initials, J.N., pursuant to LCvR 5.4(f)(2).

## FACTS

5.  The Defendants admit that the student has been determined eligible for special education services, but deny the remaining allegations in paragraph 5.

6.  The allegations in paragraph 6 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

7.  The Defendants admit that a hearing officer's decision was issued on March 6, 2006, but the remaining allegations in paragraph 7 are the pleader's characterizations of a document to which no response is required; the document speaks for itself.  If a response is required, then the same are denied.

8.  The Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 8.

9.  The Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 9, except that the Defendants admit that the District of Columbia Public Schools ("DCPS") convened a meeting on September 21, 2006.

10. The Defendants admit that the parent's advocate addressed a letter to Aiton Elementary School on September 22, 2006, but the Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining averments in paragraph 10.

11. The Defendants admit that the parent's advocate addressed a letter to the special education coordinator on October 2, 2006 regarding the meeting, but lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining averments in paragraph 11.

12. The Defendants admit that the parent's advocate addressed a letter to the special education coordinator on October 18, 2006 regarding the meeting, but lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining averments in paragraph 12.

13. The allegations in paragraph 13 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

14. The allegations in paragraph 14 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

15. The Defendants admit that DCPS administered psycho-educational evaluations in June of 2003, and in February of 2006.  The remaining allegations in paragraph 15 are the pleader's characterizations of a document to which no response is required; the document speaks for itself.  If a response is required, then the same are denied.

12.[2] The Defendants deny the allegations in paragraph 12.

13. The Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 13.

14. The Defendants admit the allegations in paragraph 14.

15. The Defendants admit the allegations in paragraph 15.

16. The Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the averments in paragraph 16, except that the Defendants admit that the hearing officer left the record open for the parties to submit opening and closing statements.

17. The Defendants admit the allegations in paragraph 17.

18. The Defendants admit the allegations in paragraph 18.

---

[2] At this point, the paragraph numbers in the Complaint start at 12 again.

**Count I**

19. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 18 above.

20. The allegations in paragraph 20 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

**Count II**

21. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 20 above.

22. The allegations in paragraph 22 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

**Count III**

23. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 22 above.

24. The allegations in paragraph 24 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

**Count IV**

25. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 24 above.

26. The allegations in paragraph 26 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

**Count V**

27. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 26 above.

28. The allegations in paragraph 28 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

### Count VI

29. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 28 above.

30. The allegations in paragraph 30 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

### Count VII

31. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 30 above.

32. The allegations in paragraph 32 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

### Count VIII

33. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 32 above.

34. The allegations in paragraph 34 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

### Count IX

35. The Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 34 above.

36. The allegations in paragraph 36 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

## PRAYER FOR RELIEF

The Defendants state that paragraphs 1 through 6 on page 7 of the Complaint constitute the Plaintiffs' prayers for relief and legal conclusions of and by the pleader to which no response is required.

**BY WAY OF FURTHER ANSWER**, the Defendants deny all allegations of wrongdoing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint alleges violations outside of applicable time limitations.

### THIRD AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff failed to exhaust her administrative remedies.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

<u>**/s/ Eden I. Miller**</u>
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
August 8, 2007                    E-mail: Eden.Miller@dc.gov