UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, <u>et al.</u>,<br><br>    Defendants. | Civil Action No. 07-0665 (RWR) |

**<u>DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT</u>**

    The Defendants, by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court for dismissal of any claims and requests for relief brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 and the Rehabilitation Act, 29 U.S.C. § 794. The Plaintiff has failed to state a claim upon which relief can be granted under those statutes.

    The reasons for this motion are set forth in the accompanying memorandum of points and authorities. A proposed order is also attached herewith.

                                                             Respectfully submitted,

                                                            LINDA SINGER
                                                            Attorney General
                                                            for the District of Columbia

                                                            GEORGE C. VALENTINE
                                                            Deputy Attorney General
                                                            Civil Litigation Division

                                                           **<u>/s/ Edward P. Taptich</u>**
                                                           EDWARD P. TAPTICH
                                                           Chief, Equity Section 2
                                                           Bar Number 012914

                                              **/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
August 9, 2007                          E-mail: Eden.Miller@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEA NORRIS, <br> Mother and Next Friend of J.N., a Minor, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 07-0665 (RWR) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL**

**INTRODUCTION**

On April 11, 2007, the Plaintiff filed the present Complaint pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"), seeking reversal of a District of Columbia Public Schools hearing officer's decision, issued January 11, 2007. Complaint, at 1, 5, 7.[1] The Defendants do not dispute that this Court properly has jurisdiction under the IDEIA.

The Complaint, however, also asserts that this Court has jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983") and the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), despite alleging no facts demonstrating any violations of those statutes. Complaint, at 1, and generally. For the reasons set forth below, the claims based on those statutes must be dismissed.

---

[1] To avoid confusion (because of duplicate paragraph numbers in the Complaint), the Defendants will cite only to the page number.

3

**ARGUMENT**

I. **To the extent that the Complaint asserts rights under Section 1983 of the Civil Rights Act, the Plaintiff has failed to state a claim for which relief can be granted.**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider whether the factual allegations are enough to suggest that a claim to relief is plausible. Bell Atlantic Corporation v. Twombly**,** 127 S. Ct. 1955, 1960 (May 21, 2007). "Asking for plausible grounds [] does not impose a probability requirement at the pleading stage. . . ." Id. However, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint." Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987); Papasan v. Allain, 478 U.S. 265, 286 (1986).

While the present Complaint asserts a cause of action under 42 U.S.C. § 1983 (Complaint, at 2, ¶ 1), that assertion of jurisdiction is plainly in error. Section 1983 of the Civil Rights Act states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiff to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See, e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of

Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000). And as to a finding of liability under Section 1983 based on an IDEA[2] violation, a four-part test must be met:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (internal citations omitted).

The court in Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003), while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEA claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. The same result, for the same reasons, was also reached in several other decisions in this jurisdiction. Robinson v. District of Columbia, Civ. No. 06-1253 (D.D.C., August 2, 2007) (slip op at 8); Abarca v. District of Columbia, Civ. No. 06-1254 (D.D.C., June 29, 2006) (slip op at 5); Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April

---

[2] Prior to the Individuals with Disabilities Education Improvement Act of 2004, there was the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"). As the cited case predates the IDEIA, it refers to the IDEA, which is substantively the same with some changes.

14, 2006) (slip op. at 10); R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003); Compare Bowman v. District of Columbia, Civ. No. 05-1933 (D.D.C., August 2, 2006) (slip op. at 5-7).

In this case, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to *any* of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

II.     **To the extent that the Complaint asserts rights under Section 504 of the Rehabilitation Act, the Plaintiff has failed to state a claim for which relief can be granted.**

The Complaint's assertion of jurisdiction based upon Section 504 of the Rehabilitation Act (Complaint, at 1), is similarly deficient. First, the Rehabilitation Act—intended to bar employment discrimination against handicapped individuals under federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624 (1984)—is wholly irrelevant here. The Complaint does not assert that any discriminatory claims—employment or otherwise—are involved in this action.

Even if Section 504 were deemed relevant in the context of an IDEIA claim, the plaintiff must show that the student was discriminated against "solely by reason of her or his disability." 29 U.S.C. § 794(a); Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006) (slip op. at 9) (citing R.S. v. District of Columbia, supra). And the plaintiffs must further demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEIA. T.T. v. District of Columbia, Civ. No. 06-0207, LEXIS 42739 (D.D.C. 2007). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment … before a Section 504 violation can be made out … " R.S. v. District

6

of Columbia, supra. See also Monahan v. Nebraska, 687 F. 2d 1164, 1170-71 (8th Cir. 1982) (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiff's Complaint makes no mention of either bad faith or gross misjudgment—the standard for a claim under Section 504. Complaint, generally. Without more, Plaintiff's failure to allege any facts[3] or make any arguments whatsoever as to their Rehabilitation Act claim must result in a dismissal of the complaint. See Savoy-Kelly v. Eastern High School, supra, slip op. at 10; T.T. v. District of Columbia, supra; R.S. v. District of Columbia, supra. Compare Bowman v. District of Columbia, supra.

## CONCLUSION

The Defendants respectfully request that the Court grant this motion for partial dismissal because the Complaint fails to state a claim upon which relief can be granted with respect to both 42 U.S.C. § 1983 and 29 U.S.C. § 794.

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[3] The only mention of the Rehabilitation Act apart from the jurisdiction section of the Complaint is in paragraph 2 where the Plaintiff merely states that the student "has been determined eligible as a L.D. [or "learning disabled"] student by DCPS pursuant to the IDEIA and [S]ection 504" (Complaint, at 2) and in passing in Count I, "[d]efendants' failure to provide plaintiff with a free appropriate education violates plaintiff's rights under the IDEA and [S]ection 504." (Id., at 1). As indicated above, the right to a "free appropriate public education" comes directly from the IDEIA [20 U.S.C § 1412(a)(1)], and any claim for relief under Section 504 must show more than just a denial of a free appropriate public education.

                    **/s/ Edward P. Taptich**
                    EDWARD P. TAPTICH
                    Chief, Equity Section 2
                    Bar Number 012914

                    **/s/ Eden I. Miller**
                    EDEN I. MILLER
                    Assistant Attorney General
                    Bar Number 483802
                    441 Fourth Street, N.W., Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-6614
                    (202) 727-3625 (fax)
August 9, 2007        E-mail: Eden.Miller@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, et al.,<br><br>Defendants. | Civil Action No. 07-0665 (RWR) |

## ORDER

Upon consideration of the Defendants' August 9, 2007, Motion for Partial Dismissal, any oppositions and replies thereto, and the record herein, it is, on this day of _____ August, 2007, hereby **ORDERED** that:

1. the Defendants' Motion for Partial Dismissal is **GRANTED**; and it is

2. **FURTHER ORDERED** that all of the Plaintiff's claims for relief brought pursuant to Section 1983 of the Civil Rights Act and Section 504 of the Rehabilitation Act are **DISMISSED WITH PREJUDICE.**

United States District Judge Richard W. Roberts