UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.*,<br><br>Defendants. | Civil Action No. 07-0665 (RWR) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

The Defendants, by counsel, here respectfully reply to the Plaintiff's September 21, 2007, Opposition to the Defendants' Motion for Partial Dismissal ("Opposition").

In their Motion for Partial Dismissal of Complaint ("Motion"), the Defendants argued that the Complaint was legally deficient in two respects: (1) to the extent the Complaint asserted rights under 42 U.S.C. § 1983 ("§ 1983"), the Plaintiff failed to state a claim for which relief can be granted; and (2) to the extent the Complaint asserted rights under 29 U.S.C. § 794 ("§ 504"), the Plaintiff again failed to state a claim for which relief can be granted.

**ARGUMENT**

**I.  Section 1983 Claims**

In their Motion, the Defendants set out clear precedent establishing the character of allegations in complaints necessary to withstand a motion to dismiss for failure to state

a claim under § 1983. Motion, at 4-6. The Plaintiff's Opposition does not refute this precedent.

The Plaintiff has plucked a phrase from *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 70-71 (1992)—"absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to the federal statute"—to persuade the Court that dismissal of the Complaint's §1983 claims would be improper. Opposition, at 3. Since Congress did not intend the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 *et seq.*, to bar claims under § 1983, the Plaintiff argues that the § 1983 claims should stand. Opposition, at 3. The Plaintiff has missed the thrust of the Defendants' position.

The Defendants' position is that the Plaintiff's §1983 claims should be dismissed *not* because the IDEIA bars § 1983 claims, but because the Plaintiff's Complaint does not satisfy the four-part test established in *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001).

The Plaintiff also relies on *Olson v. Robinsdale Area Sch.*, 2004 WL 1212081 (D. Minn. 2004), to support her § 1983 claims. Opposition, at 3-4. The Plaintiff, however, misconstrues the *Olson* decision. In *Olson*, a hearing officer had ordered the school district to determine how a student could participate in the graduation ceremonies. The school district did not comply, and the Olsons brought an action pursuant to the IDEIA and to § 1983 to enforce the hearing officer's decision. The *Olson* court denied the IDEIA claim because the IDEIA permits aggrieved parties to appeal a hearing officer's decision, but does not contemplate an action to *enforce* an administrative decision.

However, the *Olson* court did find the § 1983 claim appropriate because the Olsons were seeking to *enforce* a hearing officer's decision, and were not challenging the *merits* of the decision.

In this case, however, the Plaintiff *is* challenging the merits of a hearing officer's decision. Therefore, the Plaintiff's claims are more appropriately brought pursuant to the IDEIA and not § 1983.

The Plaintiff also relies on *Atchinson v. District of Columbia*, 73 F.3d. 418 (D.C. Cir. 1996), to support their § 1983 claims. Opposition, at 5. The Defendant agrees that the Court of Appeals in *Atchinson* found that the plaintiff should not be held to a heightened pleading standard, and that it was enough that the plaintiff alleged facts that would reasonably suggest misconduct. Nevertheless, *Atchinson* does not help the Plaintiff in the present case because the Plaintiff here has alleged *no* facts to support a §1983 claim.

Simply put, the Plaintiff's § 1983 claims are inadequate. Accordingly, any claims in the Complaint based on § 1983 must be dismissed.

**II.     Section 504 Claims**

The Plaintiff argues that since the court in *Walker v. District of Columbia*, 969 F. Supp. 794 (D.C. 1997), held that the plaintiff had a § 504 claim because the student did not receive special education services, the Plaintiff herein also has a § 504 claim. Opposition, at 5-6. The Plaintiff's reasoning is plainly wrong.

The *Walker* court states that:

> In order to state a claim under Section 504, generally a plaintiff must show that he or she was discriminated against "solely by reason of his [or her] handicap." 29 U.S.C. § 794. In the context of children who receive benefits

3

> pursuant to the IDEA, the D.C. Circuit has noted that "'in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the "free and appropriate education" required by the [IDEA] must be shown.'" "Either bad faith or gross misjudgment must be shown before a Section 504 violation can be made out … "
> …

*Walker v. District of Columbia*, 969 F. Supp. 794, 797 (D.D.C. 1997) (internal citations omitted).

In *Walker*, the Court found that that the plaintiffs alleged sufficient facts to raise a genuine dispute over whether the school district exercised gross misjudgment, and referenced five paragraphs in the complaint where these facts were alleged. In contrast, the Complaint herein contains no specific facts to sustain a § 504 claim. Rather, the Complaint herein merely states "Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504." Complaint, at ¶ 20. Nowhere in the Complaint does the Plaintiff assert that the District discriminated against her child solely on the basis of the child's disability—the threshold question for a § 504 claim. Nor does she mention bad faith or gross misjudgment.

The Plaintiff attempts to correct this deficiency in her Opposition by characterizing as "bad faith" and "a gross misjudgment" the factual allegations that the District of Columbia Public Schools convened a meeting without the parent and placed the student in an inappropriate placement. Opposition, at 6. This scant offering is simply not enough to correct the deficiency of the Complaint. Notably, the Opposition fails entirely to address the discrimination aspect of § 504.

Accordingly, the Plaintiff's § 504 claim must fail as a matter of law.

## CONCLUSION

For the foregoing reasons, and for reasons discussed in previous filings, the Defendants' Motion must be granted, and the claims in the Complaint based on § 1983 and § 504 must be dismissed.

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General
                    for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    **/s/ Edward P. Taptich**
                    EDWARD P. TAPTICH
                    Chief, Equity Section 2
                    Bar Number 012914

                    **/s/ Eden I. Miller**
                    EDEN I. MILLER
                    Assistant Attorney General
                    Bar Number 483802
                    441 Fourth Street, N.W., Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-6614
                    (202) 727-3625 (fax)
October 1, 2007            E-mail: Eden.Miller@dc.gov