**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| KEA NORRIS, | ) | |
| Mother and Next Friend of J.N., a Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0665 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| A municipal corporation, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, and LCvR 56.1, the Defendants here move for summary

judgment in this matter, and also oppose the Plaintiff's February 15, 2008, Motion for Summary

Judgment ("Plaintiff's Motion").  As shown in the accompanying memorandum of points and

authorities, the Plaintiff's challenge to the administrative hearing officer's determination

("HOD") in this case lacks merit, and the HOD should be upheld by this Court.  A statement of

material facts as to which there is no genuine issue, a response to Plaintiff's statement of material

facts and a proposed order are also attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

March 3, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KEA NORRIS, | ) | |
| Mother and Next Friend of J.N., a Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0665 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| A municipal corporation, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff appeals a January 11, 2007, administrative decision issued by a

hearing officer pursuant to the Individuals with Disabilities Education Improvement Act

of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").  At issue in this case is whether the

District of Columbia Public Schools ("DCPS") denied the student a free appropriate

public education ("FAPE") by failing to comply with a previous hearing officer's

determination ("HOD"), dated March 6, 2006, and by not providing an appropriate

individualized education program ("IEP") and placement for the student.

As the Defendants will demonstrate below, Aiton Elementary School *can* provide

the student with a free appropriate public education ("FAPE") as required under the

IDEIA, and in fact the student has been making progress.  Further, the record clearly

indicates that DCPS is now in compliance with the March 6, 2006, HOD, and that any

delay in compliance did not result in a denial of a FAPE.  As such, the subject HOD should be upheld.

Under the IDEIA, disabled students are entitled to a FAPE.  20 U.S.C § 1412(a)(1).  An IEP team, consisting of the disabled student's teachers, parents and other educational specialists, meet and confer in a collaborative process to determine how best to accommodate the needs of the student to provide a FAPE.  20 U.S.C. §1414(d)(1)(B).  The IEP is the written statement from the meeting that includes, among other things, goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered, and criteria for evaluating whether instructional objectives are being met.  20 U.S.C. §1414(d)(1)(A); 20 USCS § 1401(14).

The IEP team also must make decisions regarding the student's educational placement.  20 U.S.C. § 1412(a)(5)(A).  The placement must be the least restrictive environment ("LRE")—whenever it is possible, children with disabilities should be educated with children who are not disabled.  *Id.*  Following an IEP meeting, the school system issues a prior notice of placement of the student at a school that can implement the IEP.  20 U.S.C. § 1415(c)(1).  Should the parent disagree with that placement selection (or any other aspects of the IEP), she can seek a due process hearing.  20 U.S.C. § 1415(c)(2) and (f).

The administrative process described in the statute, if fully employed, results in an evidentiary administrative hearing before an impartial hearing officer, at the conclusion of which an HOD is issued.  20 U.S.C. § 1415(f).  Such an HOD contains findings of fact and conclusions concerning the disputed matters.  If the student's parent does not prevail

in the hearing proceedings, judicial review of the HOD by this Court may be sought.  20

U.S.C. § 1415(i)(2)(A).

## STANDARD OF REVIEW

### I.    Summary judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to

summary judgment if "there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  Although a court should draw

all reasonable inferences from the records submitted by the nonmoving party, the mere

existence of a factual dispute, by itself, is insufficient to bar summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  To be genuine, the issue

must be supported by evidence sufficiently admissible that a reasonable trier of fact could

find for the nonmoving party; to be material, the factual assertion must be capable of

affecting the substantive outcome of the litigation.  *Id*.; *Laningham v. U.S. Navy*, 813

F.2d 1236, 1242-43 (D.C. Cir. 1987).

In cases such as this, the IDEIA dictates that "the court [ ] shall receive the

records of the administrative proceedings; [ ] shall hear additional evidence at the request

of a party; and [ ] basing its decision on the preponderance of the evidence, shall grant

such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B).  When neither

party has requested the court to hear additional evidence, the "motion for summary

judgment is simply the procedural vehicle for asking the judge to decide the case on the

basis of the administrative record." *Heather S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th

Cir. 1997).  Factual determinations of the hearing officer are to be accorded due weight.

II.    **Review of administrative decisions under the IDEIA.**

The IDEIA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing.  20 U.S.C. §1415(i)(2)(A).  In conducting such review, the "preponderance of the evidence" standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review."  *Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982).  Stated differently, the court should not "reverse the hearing officer's findings simply because [the court] disagree[s] with them."  *Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ.*, 2001 U.S. Dist. LEXIS 6994, *12 (N.D. Ill., March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect.  *Angevine v. Smith*, 292 U.S. App. D.C. 346, 959 F.2d 292, 295 (1992); *Kerkam v. McKenzie*, 274 U.S. App. D.C. 139, 862 F.2d 884, 887 (1988); *Lyons v. Smith*, 829 F. Supp. 414, 417 (D.D.C. 1993).  While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education."  *Lyons*, 829 F. Supp. at 418.  This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices.  *Rowley*, 458 U.S. at 207-08.  Accordingly, this Court must give the hearing officer's determination "due weight," and the Plaintiff, in order to prevail, must show by a "preponderance of the evidence" that the hearing officer was wrong.

"Where the Hearing Officer's findings are based on credibility determinations of live witness testimony … and there is no supplementation of the record before the Court, particular deference is due to the Hearing Officer's decision." *R.D. v. District of Columbia*, 374 F. Supp. 2d 84, 89-90 (D.D.C. 2005).

Because the subject HOD was appropriate in all respects challenged by the Plaintiff, she cannot make the required showing, and summary judgment should be granted to the Defendants.

## STATEMENT OF THE RELEVANT FACTS

J.N. is a twelve year old student living in the District of Columbia who has been determined eligible for special education and related services. Administrative Record at page 4 (hereinafter "R. at ___"). His disability classification is Learning Disabled ("LD"). R. at 4. He currently attends Aiton Elementary School. *Id.*

A prior HOD to the one presently being appealed, dated March 6, 2006, ordered, among other things, for DCPS to conduct or fund various evaluations, to convene a multidisciplinary team ("MDT")/IEP meeting to review those evaluations, and to amend J.N.'s IEP as warranted. HOD, R. at 4; March 6, 2006, HOD, R. at 202-205. DCPS completed all of the evaluations,[1] and then invited the parent, through her counsel, to attend an MDT/IEP meeting. HOD, R. at 7. DCPS sent four meeting notices to the parent's counsel without any response—one on July 18, 2006 (R. at 287; fax confirmation, R. at 280), one on August 30, 2006 (R. at 286; fax confirmation, R. at 283),

---

[1] While some of the evaluations and the functional behavioral plan were not timely completed, the Hearing Officer held that the delay did not result in a denial of a FAPE. HOD, R. at 7. A review of the January 25, 2006, IEP, which was developed *before* the completion of the re-evaluations (IEP, R. at 229), and the September 21, 2006, IEP, which was developed after the re-evaluations (IEP, R. at 303), supports the Hearing Officer's holding. Both IEPs require the same amount of services: 12.5 hours per week of specialized instruction, 1 hour per week of speech language services and ½ hour per week of psychological services. R. at 229; R. at 303. Therefore, the student did not miss any services while waiting for the evaluations to be completed.

one on September 12, 2006 (R. at 288; fax confirmation, R. at 279)) and one on

September 18, 2006.  R. at 289.  HOD, R. at 7.[2]  After these failed attempts to include the

parent, DCPS convened the meeting without the parent on September 21, 2006.  HOD, R.

at 7.

The Hearing Officer held that DCPS' decision to meet without the parent "was

not inappropriate, as DCPS had made several reasonable and legitimate attempts to

inform the parent and parent's counsel of the MDT/IEP [meeting] without success, as

DCPS sent letters of invitation."  HOD, R. at 7.  The Hearing Officer concluded that

"[t]here is no finding of a procedural flaw, as the evidence indicates that DCPS efforts to

obtain parental participation were, in fact, diligent and reasonable."  HOD, R. at 5.

At the meeting, the team discussed the student's current evaluations and amended

the IEP to better reflect J.N.'s current needs.  IEP and Meeting Notes, R. at 303-320.  The

parent did not sign the IEP at any point after the meeting.  IEP, R. at 303; Transcript at

page 20, 74 (hereinafter "T. at _____").

On September 8, 2006, the Plaintiff filed her due process complaint notice (R. at

328-332), and on November 22, 2006, a resolution meeting convened.  R. at 24-33.  At

the November 22, 2006, Resolution Meeting, DCPS agreed to convene another MDT/IEP

meeting on December 13, 2006, to again discuss the new evaluations and placement, as well

as to determine whether compensatory education[3] is warranted.  R. at 24-33.  The Plaintiff

---

[2] The fax confirmation for the September 18, 2008, meeting invitation is missing from this record.
Although Plaintiff suggests in her Motion that one or more of the fax confirmations do not have the correct
fax number, the record indicates otherwise.  Motion, at 10.  Fax confirmations at pages 279, 280, and 283
of the Record all show (202) 626-0048 as the outgoing fax number, which is the same fax number listed on
Plaintiff's counsel's and Educational Advocate Annie Pressley's letterhead.  R. at 106.
[3] Compensatory education is a judicially-created remedy in which the student is awarded services or
assistive technology for a denial of a FAPE.  The goal is to bring the student's educational performance up
to where it would have been had the student been receiving a FAPE all along.

and her advocate did not appear for the meeting, although all appropriate DCPS personnel attended.  R. at 19-22.

On November 30, 2006, a due process hearing convened.  HOD, R. at 2.  At the hearing, the Plaintiff's counsel called two witnesses: the Plaintiff and High Road Academy Director of Admissions David Clarke.  HOD, R. at 3.  The Plaintiff testified that she did not believe that Aiton was an appropriate placement for J.N., that J.N. was below grade level in most subjects, and that the student had terrible aggressive behavioral issues.  HOD, R. at 5.  Mr. Clarke testified that High Road is a private school with a full-time special education program.  *Id*.  He said that High Road could implement the student's IEP, and that the student had been accepted there.  *Id.*

Counsel for DCPS called three witnesses: DCPS Social Worker Diane Peters, DCPS Speech Therapist Jane Barnes and DCPS Special Education Teacher Linda David. HOD, R. at 3.  All three witnesses testified that J.N. has made progress at Aiton since the previous year.  HOD, R. at 5-6.

Ms. Peters indicated that she has been providing J.N. with psycho-social counseling.  HOD, R. at 5.  She explained that the counseling addresses J.N.'s low self-esteem and teaches him coping skills when he gets frustrated and must deal with change. HOD, R. at 5; T. at 67.  Ms. Peters testified that the student has made "a tremendous amount of improvement since last year" and said that in terms of his IEP goals and objectives, "his progress has been good."  T. at 68; HOD, R. at 6.  Further, she said that "overall … his adjustment has been very good."  T. at 68-69; HOD, R. at 6.  For example, "[h]e has become more tolerant to change, and [is] becoming more amenable to trying to challenge himself a little more."  T. at 68.  Ms. Peters also testified that as a member of

the MDT/IEP team on November 21, 2006, she believes that J.N. has an appropriate and workable IEP.  HOD, R. at 6.

DCPS Speech Pathologist Jane Barnes also testified that J.N. has made progress in the areas of speech and communication.  HOD, R. at 6.  Ms. Barnes has worked as J.N.'s speech pathologist since October of 2005.  T. at 111.  Although she said that she currently serviced him two hours per week, she recommended reducing that to one hour per week because of his progress.  T. at 113-114.

Finally, Special Education Teacher Linda David also testified that J.N. has made academic progress since she has worked with him in math and reading.  HOD, R. at 6. She began working with him in August of 2006.  T. at 126.  She testified that he has been meeting the goals in his IEP.  HOD, R. at 6.

The Hearing Officer found that the Plaintiff failed to meet her burden to demonstrate by a preponderance of the evidence that Aiton was not an appropriate placement.  HOD, R. at 7.  He went on to specifically hold that " … all of DCPS' witnesses credibly testified that the student['s] IEP was being implemented, the student had made progress with his communication problems and the student was receiving some academic benefit."  *Id*.  He then concluded that DCPS had provided the student with a FAPE, and dismissed the Plaintiff's petition.  HOD, R. at 7.

## ARGUMENT

I.    **DCPS did not deny the student a FAPE.**

A.    **Aiton is an appropriate placement for J.N.**

In her Motion, the Plaintiff wrongly argues that Aiton is not an appropriate placement for J.N.  Motion, at 12-15.  She largely bases this position on a comparison

between two Psycho-Educational Evaluations.  Motion, at 13-14.  She argues that J.N.'s

Psycho-Educational Evaluation, dated February of 2006, demonstrates that Aiton is not an

appropriate placement for J.N. because the scores are lower than the previous June 23, 2003,

Psycho-Educational Evaluation.  Motion, at 13.  While the scores are lower in the more

recent evaluation, this alone does not indicate that Aiton cannot service the student.  The

Plaintiff fails to address other factors which may contribute to a difference in test scores

such as different evaluators, different settings and different circumstances.  Also, the

Plaintiff fails to present any expert testimony or reports comparing the two evaluations,

instead relying on her counsel's opinion about what the evaluations mean.  Further, the

Plaintiff called no witnesses with educational expertise or background to support her

position that J.N. had regressed, or that Aiton could not service the student, instead relying

only on documents.  T. at 21-23.

Even more importantly, the Plaintiff fails to dispute the testimony of three DCPS

witnesses *with personal knowledge of J.N.* who testified that J.N. *is* making progress and

that Aiton can implement his IEP.  Notably, the three witnesses DCPS called each were

responsible for one of the three specialized services that J.N. is to receive in his IEP—

demonstrating that Aiton has the proper staff and the ability to implement his IEP.

Interestingly, none of the new evaluations—not even the Psycho-Educational Evaluation—

indicates that the placement at Aiton is inappropriate or that J.N. requires a full-time special

education program like the one the Plaintiff seeks.  As such, the Hearing Officer properly

held that Plaintiff failed to meet her burden to demonstrate that Aiton is not an appropriate

placement, and that Aiton is providing the student with "some educational benefit."  HOD,

R. at 7; *Board of Educ.of Hendrick Hudson Central Sch. Dist. v. Rowley*, *supra,* 458 U.S.

at 200-201.[4]

### B.    The Plaintiff, through her counsel, was given several opportunities to participate, but did not respond to DCPS.

The Plaintiff makes much ado about DCPS convening a meeting without her.

Motion, at 7-12.  The Defendants agree that parental participation is encouraged in the

IDEIA.  However, this is not a situation where DCPS convened a meeting without first

attempting multiple times to include the Plaintiff.  Rather, DCPS sent at least three

different meeting notices to the Plaintiff's advocate at the correct fax number with no

response.  Accordingly, DCPS convened the meeting without her.

At the November 22, 2006, Resolution Meeting, DCPS agreed to convene another

MDT/IEP meeting on December 13, 2006, to again discuss the new evaluations and

placement, as well as to determine whether compensatory education is warranted.  R. at 24-

33.  The Plaintiff and her advocate did not appear for the meeting, although all appropriate

DCPS personnel attended.  R. at 19-22.  In sum, the Plaintiff and her counsel had the

opportunity to participate in a second MDT/IEP meeting and chose not to, although she or

her counsel never informed DCPS that they would not be attending.  *Id.*

The Hearing Officer specifically found that DCPS made proper efforts to include the

parent in the process, and found no procedural error.  HOD, R. at 7.   The Hearing Officer

held that DCPS' decision to meet without the parent on September 21, 2006, "was not

inappropriate, as DCPS had made several reasonable and legitimate attempts to inform

the parent and parent's counsel of the MDT/IEP [meeting] without success, as DCPS sent

letters of invitation."  HOD, R. at 7.  The Hearing Officer concluded that "[t]here is no

---

[4] As noted above, determinations by a hearing officer based on credibility of live testimony deserve particular deference.  *R.D. v. District of Columbia*, *supra*, 374 F. Supp. 2d at 89-90.

finding of a procedural flaw, as the evidence indicates that DCPS['] efforts to obtain

parental participation were, in fact, diligent and reasonable." HOD, R. at 5.

**C.     The DCPS is now in compliance with the March 6, 2006, HOD, and the minor delay in implementation of that <u>HOD did not result in educational harm to the student.</u>**

While some of the evaluations and the functional behavioral plan were not timely

completed, the Hearing Officer held that this delay did not result in a denial of a FAPE.

HOD, R. at 7.  A review of the January 25, 2006, IEP, which was developed *before* the

completion of the re-evaluations (IEP, R. at 229), and the September 21, 2006, IEP,

which was developed after the re-evaluations (IEP, R. at 303), supports the Hearing

Officer's holding.  Both IEPs require the same amount of services: 12.5 hours per week

of specialized instruction, 1 hour per week of speech language services and ½ hour per

week of psychological services.  R. at 229; R. at 303.  Therefore, the student did not miss

any services while waiting for the evaluations to be completed and suffered no

educational harm.  *Lesesne v. District of Columbia*, 447 F.3d 828 (D.C. Cir. 2006)

(procedural violation is not *per se* harm).

In her Motion, the Plaintiff cites many cases for the proposition that a school

district's refusal or failure to implement a hearing officer's decision causes irreparable

harm.  Motion, at 7-9.   In this case, however, DCPS has not refused or failed to comply

with the March 6, 2006, HOD; rather, DCPS has now come into compliance with that

HOD.  Because there has been no harm to the student during that delay, this case can be

distinguished from that general proposition.

II.    <u>**High Road Academy is not an appropriate placement for J.N.**</u>

Even assuming *arguendo* that this Court determined that Aiton is not an

appropriate placement for J.N., this Court could not place the student at High Road

Academy based on the administrative record before it.  None of J.N.'s current evaluations

or his current or previous IEPs calls for a full-time special education placement.  HOD,

R. at 7; IEPs, R. at 229, 303; Evaluations, R. at 152, 158, 164    Rather, his IEPs and

evaluations indicate that he needs a combination setting, where he spends part of the

school day in general education and part of the day in a special education resource

classroom.  The IDEIA requires children to be placed in the least restrictive environment.

20 U.S.C. § 1412(a)(5)(A).  High Road Academy is a *full-time* special education program

with no opportunity for general education classes.  Therefore, it is not an appropriate

placement for J.N. because it is not the least restrictive environment for him.  Thus, even

if this Court were to find for the Plaintiff, it could not on this record place the student at

High Road Academy.

III.    **The Hearing Officer considered all of the Plaintiff's evidence and arguments,**
<u>**and his ultimate determinations should be deferred to in this case.**</u>

At the due process hearing, the Plaintiff had a full opportunity to present evidence

and argument to support her requests for relief to the Hearing Officer.  In the HOD, the

Hearing Officer took into account all of the parties' legal arguments and documentary

evidence—including the student's exhibits 1-33 and DCPS' exhibits 1-27—as well as the

testimony of the Plaintiff, High Road Admissions Director David Clarke, DCPS Social

Worker Diane Peters, DCPS Speech Therapist Jane Barnes, and DCPS Special Education

Teacher Linda David.  Indeed, the decision was a detailed and reflective consideration of

both the parties' positions and the best interests of the student.  The relief ordered was

14

designed to take the particular circumstances of the student into account, and was based on experience in the confronting of such educational problems.

While the Plaintiff may request this Court to disregard the Hearing Officer's conclusions, and to make an independent (and different) determination of the appropriate relief, there is no basis for the Court to conclude either that the Hearing Officer did not properly consider the evidence submitted, or that his expressed views are not entitled to conclusive deference by this Court. In fact, the HOD narrates in detail the chronological events that led to the placement determination by DCPS. The Hearing Officer fully considered the parties' documentary evidence, weighed the testimony offered by the parties' witnesses and explained the basis for his conclusions.

The amount of deference given to an administrative hearing officer's decision is based in part on whether the findings reached were "thorough and complete." *See*, e.g., *Adams v. State of Oregon*, 195 F.3d 1141, 1145 (9th Cir. 1999); *see also S.H. v. State-Operated School Dist. of the City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003). In this case, the administrative findings and conclusions were both thorough and complete, were legally correct, and should be summarily affirmed.

## CONCLUSION

For the foregoing reasons, this Court should grant the Defendants' Motion for Summary Judgment, and deny the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

March 3, 2008

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>    Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-0665 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
<u>AS TO WHICH THERE IS NO GENUINE ISSUE</u>**

Pursuant to Local Civil Rule 56.1, the Defendants submit this statement of

material facts as to which there is no genuine issue:

1.    J.N. is a twelve year old student living in the District of Columbia who has

been determined eligible for special education and related services.

Administrative Record at page 4 (hereinafter "R. at _").

2.    His disability classification is Learning Disabled ("LD").  R. at 4.

3.    He currently attends Aiton Elementary School.  *Id.*

4.    A prior HOD to the one presently being appealed, dated March 6, 2006,

ordered, among other things, for DCPS to conduct or fund various

evaluations, to convene a multidisciplinary team ("MDT")/IEP meeting to

review those evaluations, and to amend J.N.'s IEP as warranted.  HOD, R.

at 4; March 6, 2006, HOD, R. at 202-205.

5.    DCPS completed all of the evaluations, and then invited the parent, through her counsel, to attend an MDT/IEP meeting.  HOD, R. at 7.

6.    While some of the evaluations and the functional behavioral plan were not timely completed, the Hearing Officer held that the delay did not result in a denial of a FAPE.  HOD, R. at 7.

7.    Both J.N.'s January 25, 2006, IEP, which was developed *before* the completion of the re-evaluations, and J.N.'s September 21, 2006, IEP, which was developed after the re-evaluations require the same amount of specialized services: 12.5 hours per week of specialized instruction, 1 hour per week of speech language services and ½ hour per week of psychological services.  R. at 229; R. at 303.

8.    DCPS sent four meeting notices to the parent's counsel without any response—one on July 18, 2006 (R. at 287; fax confirmation, R. at 280), one on August 30, 2006 (R. at 286; fax confirmation, R. at 283), one on September 12, 2006 (R. at 288; fax confirmation, R. at 279)) and one on September 18, 2006.  R. at 289.  HOD, R. at 7.[1]

9.    Fax confirmations at pages 279, 280, and 283 of the Record all show (202) 626-0048 as the outgoing fax number, which is the same fax number listed on Plaintiff's counsel's and Educational Advocate Annie Pressley's letterhead.  R. at 106.

10.   After these failed attempts to include the parent, DCPS convened the meeting without the parent on September 21, 2006.  HOD, R. at 7.

_____

[1] The fax confirmation for the September 18, 2008, meeting invitation is missing from this record.

11.     The Hearing Officer held that DCPS' decision to meet without the parent
"was not inappropriate, as DCPS had made several reasonable and
legitimate attempts to inform the parent and parent's counsel of the
MDT/IEP [meeting] without success, as DCPS sent letters of invitation."
HOD, R. at 7.

12.     The Hearing Officer concluded that "[t]here is no finding of a procedural
flaw, as the evidence indicates that DCPS efforts to obtain parental
participation were, in fact, diligent and reasonable."  HOD, R. at 5.

13.     At the meeting, the team discussed the student's current evaluations and
amended the IEP to better reflect J.N.'s current needs.  IEP and Meeting
Notes, R. at 303-320.

14.     The parent did not sign the IEP at any point after the meeting.  IEP, R. at
303; Transcript at page 20, 74 (hereinafter "T. at ___").

15.     On September 8, 2006, the Plaintiff filed her due process complaint notice
(R. at 328-332), and on November 22, 2006, a resolution meeting
convened.  R. at 24-33.

16.     At the November 22, 2006, Resolution Meeting, DCPS agreed to convene
another MDT/IEP meeting on December 13, 2006, to again discuss the new
evaluations and placement, as well as to determine whether compensatory
education is warranted.  R. at 24-33.

17.     The Plaintiff and her advocate did not appear for the meeting, although all
appropriate DCPS personnel attended.  R. at 19-22.

18.     On November 30, 2006, a due process hearing convened.  HOD, R. at 2.

19.     At the hearing, the Plaintiff's counsel called two witnesses: the Plaintiff

and High Road Academy Director of Admissions David Clarke.  HOD, R.

at 3.

20.     The Plaintiff testified that she did not believe that Aiton was an

appropriate placement for J.N., that J.N. was below grade level in most

subjects, and that the student had terrible aggressive behavioral issues.

HOD, R. at 5.

21.     Mr. Clarke testified that High Road is a private school with a full-time

special education program.  *Id*.

22.     He said that High Road could implement the student's IEP, and that the

student had been accepted there.  *Id.*

23.     Counsel for DCPS called three witnesses: DCPS Social Worker Diane

Peters, DCPS Speech Therapist Jane Barnes and DCPS Special Education

Teacher Linda David.  HOD, R. at 3.

24.     All three witnesses testified that J.N. has made progress at Aiton since the

previous year.  HOD, R. at 5-6.

25.     Ms. Peters indicated that she has been providing J.N. with psycho-social

counseling.  HOD, R. at 5.

26.     She explained that the counseling addresses J.N.'s low self-esteem and

teaches him coping skills when he gets frustrated and must deal with

change.  HOD, R. at 5; T. at 67.

27.    Ms. Peters testified that the student has made "a tremendous amount of improvement since last year" and said that in terms of his IEP goals and objectives, "his progress has been good."  T. at 68; HOD, R. at 6.

28.    Further, she said that "overall … his adjustment has been very good."  T. at 68-69; HOD, R. at 6.

29.    For example, "[h]e has become more tolerant to change, and [is] becoming more amenable to trying to challenge himself a little more."  T. at 68.

30.    Ms. Peters also testified that as a member of the MDT/IEP team on November 21, 2006, she believes that J.N. has an appropriate and workable IEP.  HOD, R. at 6.

31.    DCPS Speech Pathologist Jane Barnes also testified that J.N. has made progress in the areas of speech and communication.  HOD, R. at 6.

32.    Ms. Barnes has worked as J.N.'s speech pathologist since October of 2005.  T. at 111.

33.    Although she said that she currently serviced him two hours per week, she recommended reducing that to one hour per week because of his progress.  T. at 113-114.

34.    Finally, Special Education Teacher Linda David also testified that J.N. has made academic progress since she has worked with him in math and reading.  HOD, R. at 6.

35.    She began working with him in August of 2006.  T. at 126.

36.    She testified that he has been meeting the goals in his IEP.  HOD, R. at 6.

37.    The Hearing Officer found that the Plaintiff failed to meet her burden to demonstrate by a preponderance of the evidence that Aiton was not an appropriate placement.  HOD, R. at 7.

38.    He went on to specifically hold that " … all of DCPS' witnesses credibly testified that the student['s] IEP was being implemented, the student had made progress with his communication problems and the student was receiving some academic benefit." *Id*.

39.    He then concluded that DCPS had provided the student with a FAPE, and dismissed the Plaintiff's petition.  HOD, R. at 7.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
March 3, 2008          E-mail: Eden.Miller@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>       Plaintiff,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-0665 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO THE PLAINTIFF'S
<u>STATEMENT OF MATERIAL FACTS NOT IN DISPUTE</u>**

      The Defendants, by counsel, here respond to the Plaintiff's Statement of Material Facts. The Defendants note that the parties agree that this case may be disposed of by summary judgment motions. Thus, while the Defendants do not claim that the facts contained in the Plaintiff's Statement create a genuine issue requiring trial, the facts set forth in the Defendant's Statement of Material Facts directly conflict with the Plaintiff's facts in that they require a grant of summary judgment for the Defendants. Also, the Defendants question the materiality of some of the Plaintiff's fact statements, as well as the accuracy of some of those statements. Further, the Plaintiff's fact statements do not appear to sufficiently support the positions in her Motion; the Plaintiff only alleges nine facts. The Court should assess the weight ascribed to these fact statements and their materiality to the issues presented in this case accordingly.

The Defendants respond as follows to two fact statements which are not wholly accurate (paragraph numbers below correspond to the paragraph numbers in the Plaintiff's Statement):

2.      The Defendants dispute the portion of paragraph 2 which asserts that the evaluations reflect major regression.  R. at 152-180.

8.      The Defendants dispute that DCPS did not submit anything following the hearing.  The DCPS attorney advisor submitted to the Hearing Officer and opposing counsel notes from the December 13, 2006, MDT/IEP meeting. R. at 18-23.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
March 3, 2008          E-mail: Eden.Miller@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEA NORRIS,<br>Mother and Next Friend of J.N., a Minor,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation, *et al.,*<br><br>　　　　Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>)　　Civil Action No. 07-0665 (RWR)<br>) <br>) <br>) <br>) <br>) <br>) |

## <u>ORDER</u>

Upon consideration of the Defendants' Motion for Summary Judgment and the Plaintiff's Cross-Motion for Summary Judgment, the Oppositions and Replies thereto, and the record herein, it is, on this _____ of _____, 2007, hereby **ORDERED** that:

1. the Defendants' Motion for Summary Judgment is **GRANTED**; and it is further **ORDERED** that

2. the Plaintiff's Motion for Summary Judgment is **DENIED;** and it is further **ORDERED** that

3. this case is **DISMISSED WITH PREJUDICE.**

_____
United States District Judge Richard W. Roberts