UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEA NORRIS, <br> Parent and next friend of J.N., a minor, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.07-0665 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT
OF TIME, *NUNC PRO TUNC*, TO FILE ITS' REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, by counsel, respectfully move this Court for leave to file their Reply to the Plaintiffs' May 11, 2008, Opposition to Defendants' Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 6(b)(2). The Defendants' Reply was due on June 13, 2008 — fourteen days after this Court issued its May 30, 2008 Order granting Plaintiff's Unopposed Motion for Leave to Late File Their Opposition. As grounds for this request, the Defendants represent as follows:

1.  There was uncertainly on part of the Defendants' prior counsel, who has now left the Office of the Attorney General, as to whether Plaintiffs' Opposition was to be resubmitted after a grant of Plaintiffs' Unopposed Motion for Leave to Late File Their Opposition ("Motion for Leave"). Upon receiving the case file and reviewing the docket, the undersigned counsel realized the May 30, 2008, Order granting Plaintiffs' Motion for Leave appeared effectively to accept into the docket the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Docket No. 18, which had accompanied the

Motion for Leave.  Thus, pursuant to the Court's October 4, 2007 Scheduling Order, the Defendants' Reply was due two weeks later, on June 13, 2008.

 2. While Plaintiffs' counsel did not consent to this motion, counsel also stated they would not oppose the motion.

 3. Plaintiffs' will not be prejudiced by a grant of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Rule 6(b)(2), Federal Rules of Civil Procedure; and
2. The inherent powers of the Court.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    **/s/ Edward P. Taptich**
    EDWARD P. TAPTICH
    Chief, Equity Section 2
    Bar Number 012914

    **/s/ Juliane T. DeMarco**
    JULIANE T. DEMARCO
    Assistant Attorney General
    Bar Number 490872
    441 Fourth Street, N.W., Sixth Floor
    Washington, D.C. 20001
    (202) 724-6614
    (202) 741-0575 (fax)
July 10, 2008    E-mail: Juliane.DeMarco@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEA NORRIS,<br>Parent and next friend of J.N., a minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.07-0665 (RWR)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon consideration of Defendants' Motion for Enlargement of Time, *Nunc Pro Tunc*, to file its Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, it is hereby **ORDERED,** this _____ day of ____, 2008, that Defendants' motion is **GRANTED**.

 

_____
Richard W. Roberts
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| KEA NORRIS, </br> Parent and next friend of J.N., a minor, </br> </br> Plaintiff, </br> </br> v. </br> </br> DISTRICT OF COLUMBIA, *et al.*, </br> </br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No.07-0665 (RWR) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, through counsel, respectfully reply to the Plaintiff's April 15, 2008, "Opposition to the Defendants' Motion for Summary Judgment and Reply to the Defendants' Opposition" (hereinafter "Plaintiff's Opposition" or "Pl. Opp.") to the Defendants' March 3, 2008, Cross-Motion for Summary Judgment and Opposition to the Plaintiffs' Motion for Summary Judgment (hereinafter "Defendants' Motion" or "Def. Mot.").

**PRELIMINARY STATEMENT**

The Defendants' Motion demonstrated that this Court should dismiss the Plaintiff's Complaint because the January 11, 2007, Hearing Officer's Determination ("HOD") at issue in this case is proper and should not be overturned. The HOD is consistent with the law and the spirit of the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq*. ("IDEIA"). In his decision, the Hearing Officer found that the District of Columbia Public Schools ("DCPS") provided the student with a free appropriate public education ("FAPE").

In her Opposition, the Plaintiff argues that the HOD should be overturned because the current placement for the student is inappropriate, because DCPS prevented the Plaintiff's participation in the placement process and did not rebut the presumption of harm, and because the Hearing Officer did not consider all of the evidence presented to him. Pl. Opp. at 8-17.

The Defendants respond to the Plaintiff's arguments below and here incorporate by reference their Motion.

## ARGUMENT

### I.  DCPS did not deny the student a FAPE.

#### A.  Aiton is an appropriate placement.

In her Opposition, the Plaintiff incorrectly argues that Aiton (as well as J.N.'s previous placement) is not an appropriate placement for J.N. Pl. Opp. at 8-11. Rather than challenging the services in the student's current individualized education program ("IEP") or arguing that Aiton cannot implement the IEP, the Plaintiff primarily asserts that the lower scores in the 2006 psycho-educational evaluation compared with the 2003 psycho-educational evaluation show that Aiton is not appropriate. *Id.,* and at 17 (referring to the evaluations as "the only concrete evidence [the Hearing Officer] has in the record that shows whether there was academic growth."). Instead of offering an expert at the hearing to interpret the discrepancy between the two evaluations, the Plaintiff "relied on common sense." *Id.* at 10. But her reliance on "common sense" ignores the technical aspect of the evaluations, and does not consider other factors which may contribute to the difference in test scores. Def. Mot. at 11. Also, the Plaintiff cannot dispute the testimonial evidence of the three DCPS witnesses who each work with J.N. on

2

one of his specialized services in his IEP. *Id.* at 11-12. Their testimony demonstrated that Aiton can implement his IEP, and that he is making progress at Aiton. *Id.* And the Hearing Officer's reliance on such record evidence, rather than the Plaintiff's "common sense," cannot properly be faulted.

**B. The Plaintiff, through her educational advocate, was given the opportunity to participate, but did not.**

The Plaintiff makes much ado about DCPS convening meetings without her, insisting that she made every effort to be included in this process. Pl. Opp. at 5-8. But as demonstrated in the Defendants' Motion, DCPS sent out at least three different letters of invitation (with several proposed meeting times), to which the Plaintiff's counsel did not respond. Def. Opp. at 12. And as a consequence, rather than continuing to defer the meeting indefinitely, DCPS convened the meeting without the Plaintiff. *Id.*

Notably, at a subsequent Resolution Meeting just two months later, DCPS offered to convene another meeting to again discuss the new evaluations and placement, as well as to determine whether compensatory education is warranted. *Id.* The Plaintiff and her advocate did not appear, although all appropriate DCPS personnel attended. *Id.* As the Plaintiff had the opportunity to participate yet again but chose not to, the Hearing Officer determined that DCPS made proper efforts and that there was no procedural error. *Id.* The Plaintiff's suggestion that DCPS "prevented" her participation is simply unfounded.

**C. The minor delay in the implementation of the previous HOD did not result in educational harm.**

The Plaintiff wrongly asserts that DCPS' minor delay in convening the meeting and conducting evaluations caused a rebuttable presumption of academic harm pursuant to *Blackman v. District of Columbia*, Civil Action No. 97-1629 (D.D.C. 2006)

3

("*Blackman/Jones* class action"). Pl. Opp. at 15-16. From the outset, it bears mentioning that the Plaintiff did not assert the application of the *Blackman/Jones* class action to her case at the administrative hearing. Further, the *Blackman/Jones* class action has specific procedures for purported class members—they must move for a preliminary injunction in the case, and Judge Friedman will then refer the matter to the Special Master for a report and recommendation. The Plaintiff did not choose to utilize that process, instead filing a due process hearing appeal in this action. As such, she has not established her membership in the class, and the presumption of harm for class members in that case does not apply here.

In any event, the record shows that the student has not been denied a FAPE, and that he has made academic progress. Thus, the Hearing Officer properly found that there was no educational harm to the student. Def. Mot. at 13. As mentioned in the Defendants' Motion, DCPS has not refused or failed to comply with the previous March 6, 2006, HOD—in fact, DCPS has been in full compliance since the December 13, 2006, meeting. *Id.* Also, as explained in the Defendants' Motion, both the January 25, 2006, IEP which was developed before the re-evaluations, and the revised September 21, 2006, IEP which took into consideration the new evaluations, require the same amount of specialized services. *Id.* Therefore, the student did not miss any services while waiting for his re-evaluations and meeting.

II. **High Road Academy is not an appropriate placement for J.N.**

The Plaintiff wrongly contends that High Road Academy is an appropriate placement for J.N., even though it is a *full-time* special education program. Pl. Opp. at 16-17. As explained in the Defendants' Motion, none of J.N.'s current evaluations or his

4

current or previous IEPs calls for a full-time special education placement—rather, his IEP requires a combined setting. Def. Mot. at 14. As the IDEIA favors the least restrictive setting for disabled children, High Road Academy would not be an appropriate placement for J.N. *Id.* Notably, absent independent findings by this Court that Aiton is *not* an appropriate placement, and that High Road Academy *is* appropriate pursuant to J.N.'s most recent IEP, this Court cannot place the student in the private placement.

### III. The Hearing Officer considered all of the Plaintiff's evidence and arguments, and his ultimate determinations should be deferred to in this case.

The Plaintiff gratuitously—and wrongly—asserts that the Hearing Officer did not take into consideration all of the evidence in this case. Pl. Opp. at 17. As indicated in the Defendant's Motion, the Hearing Officer accepted into the record the Plaintiff's Exhibits 1-33 and DCPS' Exhibits 1-27, and heard the testimony of the Plaintiff and her single other witness (the High Roads Admissions Director), as well as the testimony of the student's social worker, speech therapist and special education teacher at Aiton Elementary School. Def. Mot. at 14. The Hearing Officer evaluated the evidence before him, determined that the DCPS witnesses were credible and drew reasonable conclusions from the record before him. *Id.* at 14-15. The Plaintiff's assertion of a failure to have had all of her proffered evidence considered is plainly unsupported.

## CONCLUSION

For all of the reasons explained above, this Court should deny the Plaintiff's Motion for Summary Judgment, grant Defendants' Motion for Summary Judgment, and

5

dismiss this case with prejudice.

          Respectfully submitted,

          PETER J. NICKLES
          Interim Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General, Civil Litigation Division

          **/s/ Edward P. Taptich**
          EDWARD P. TAPTICH
          Chief, Equity Section 2
          Bar Number 012914

          **/s/ Juliane T. DeMarco**
          JULIANE T. DEMARCO
          Assistant Attorney General
          Bar Number 490872
          441 Fourth Street, N.W., Sixth Floor
          Washington, D.C. 20001
          (202) 724-6614
          (202) 741-0575 (fax)
July 10, 2008          E-mail: Juliane.DeMarco@dc.gov